**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| MINDY ROBBINS | § | CIVIL ACTION |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | NO. 1:11-CV-414 |
| | § | |
| | § | |
| WAL-MART STORES, INC., | § | |
| Defendant | § | JURY |

### NOTICE OF REMOVAL OF DEFENDANT, WAL-MART STORES TEXAS, LLC (INCORRECTLY NAMED WAL-MART STORES, INC.)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW DEFENDANT, WAL-MART STORES TEXAS, LLC, (incorrectly named Wal-Mart Stores, Inc.) and in accordance with 28 U.S.C.§§ 1332, 1441, and 1446 *et seq.*, files its Notice of Removal of the above-styled case from the Judicial District Court of Jasper County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, based on diversity of citizenship of the parties.

Pursuant to the applicable federal statutes and the Local Rules for the Eastern District of Texas, Defendant attaches the following documents in support of this Notice of Removal:

1. Attachment A -   Plaintiff's First Amended Original Petition and Request for Disclosures filed in State Court;

2. Attachment B -   Original Answer and Jury Demand filed in State Court;

3. Attachment C -   Certified Copy of State Court Docket Sheet;

4. Attachment D -   Citation of Service and Notice of Service of Process on Wal-Mart Stores Texas LLC;

5. Attachment E-   List of Parties and Counsel; and

6. Attachment F-   State Court Information Sheet.

1

The documents attached hereto as Attachment "A," Attachment "B," and Attachment "D" comprise true and correct copies of all executed process and pleadings served upon Defendant and of all documents filed in the state court action.

In filing this Notice of Removal, Defendant expressly reserves all other questions other than that of removal, for the purpose of further pleadings.

## I.

## STATE COURT ACTION

Plaintiff's First Amended Original Petition, styled *Mindy Robbins v. Wal-Mart Stores, Inc.*, Cause No. 31,529, was filed on July 27, 2011 in Jasper County, Texas, and assigned to the Judicial District Court of Jasper County, Texas, located at 121 N. Austin, Room 202, Jasper, TX 75951.

## II.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on or about November 21, 2009, she was a customer at Defendant's Wal-Mart store in Jasper County, Texas when she slipped and fell in water that was on the floor in the area where the shopping carts are kept, causing her bodily injuries.  *See* Exhibit "A" - Plaintiff's First Amended Original Petition, at ¶ IV.  Plaintiff alleges that, on the occasion in question, Defendant, through its agents, servants, or employees, was guilty of various acts or omissions that constituted negligence and such negligence was a proximate cause of the injuries and damages of which Plaintiff complains. *Id.* at ¶ V. Plaintiff alleges that Wal-Mart owed a duty to the general public, including Plaintiff Mindy Robbins, to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises and to warn of their existence.  *Id.* at ¶ V.

More specifically, Plaintiff alleges that she was an invitee at the time of injury; therefore, Defendant owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discovery latent defects, and to make safe any defects or give an adequate warning of any dangers. *Id.* at ¶ V.  Plaintiff further contends that Defendant's conduct, and that of its agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. *Id.* Plaintiff alleges Defendant knew or should have known that the condition of its premises created an unreasonable risk of harm to invitees in that Defendant knew or should have known of the danger of the water on the floor and failed to place warning signs out warning of the condition. Plaintiff alleges that Defendant knew this condition caused an unreasonable risk of harm to persons such as the Plaintiff who would be in the area where the water was located.  Plaintiff further alleges that Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees regarding it.  Plaintiff contends that each of these acts and omissions, whether taken singularly or in any combination, was proximate cause of Plaintiff's injuries and damages as described below.

### III.

### **PARTIES  - DIVERSITY OF CITIZENSHIP**

Plaintiff, Mindy Robbins, is a resident of Jasper County, Texas.

Defendant, Wal-Mart Stores Texas, LLC, was and at the time of filing of this action is a limited liability company existing under the laws of the State of Delaware with its principal place of business in the State of Arkansas.  The sole member of Defendant, Wal-Mart Stores Texas, LLC, is Wal-Mart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the State of Arkansas.  Wal-Mart Stores East, L.P., is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are

Delaware limited liability companies with their principal places of business in the State of Arkansas.  The sole member of both WSE Management, L.L.C., and WSE Investment, L.L.C., is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas.

Accordingly, there is complete diversity of citizenship between Plaintiff and the Defendant.  28 U.S.C. §§ 1332, 1441.

## IV.

## AMOUNT IN CONTROVERSY

The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 since it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states.

Although Plaintiff does not specifically plead a damage amount, in Paragraph VI of Plaintiff's Original Petition, she alleges that the incident in question resulted in "injuries to her buttocks, back, right knee and body generally." *Id.*  Consequently, Plaintiff filed this lawsuit asserting that she is entitled to the following damages: (1) physical pain and suffering in the past and future; (2) mental anguish suffered in the past and future; (3) loss of earning capacity in the past and future; (4) physical impairment suffered in the past and future; and (5) medical expenses incurred in the past and future;

 Although Defendant denies that Plaintiff sustained the injuries and damages alleged in her Petition, it is apparent from the face of Plaintiff's pleadings that the amount in controversy claimed by Plaintiff allegedly exceeds the Court's minimum jurisdictional limits.  *See, e.g., De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993); *Carnahan v. Southern Pacific Railroad Transportation Co.*, 914 F. Supp 1430 (E.D. Tex. 1995).  In view of the nature of the claims and

4

damages sought, Defendant has established that the amount in controversy is sufficient to confer federal jurisdiction in this Court.

For the reasons stated above, this Court has original jurisdiction of this case pursuant to 28 U.S.C. §1332(a).

## V.

## REMOVAL IS TIMELY

Removal is timely.  Defendant, Wal-Mart Stores Texas LLC, was served with Plaintiff's Original Petition on August 9, 2011.  As such, service on Defendant has been less than 30 days from filing this Notice of Removal.  *See* 28 U.S.C. § 1446(b).

## VI.

## VENUE

This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because the district and division embrace the place where the removed action has been pending.

## VII.

## FILING WITH STATE COURT AND NOTICE TO PLAINTIFF

Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to the Plaintiff through Plaintiff's counsel as required by law.  A copy of this Notice is also being filed with the District Clerk of Jasper County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## VIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANT, WAL-MART STORES TEXAS, LLC, prays that the United States District Court for the Eastern District of Texas,

Beaumont Division, accept this Notice of Removal and assume jurisdiction of this matter and issue any orders and processes necessary to bring Plaintiff, Mindy Robbins and Defendant, WAL-MART STORES TEXAS, LLC, before it, and to effectively prevent further proceedings of this case in the District Court of Jasper County, Texas.

    Respectfully submitted,

    PATE & SPIVEY, L.L.P.

    By:   <u>/s/ Karen L. Spivey</u>
           KAREN L. SPIVEY
           Federal Id. No.11680
           Texas Bar No. 18955100
           ATTORNEY IN CHARGE FOR
           DEFENDANT, WAL-MART STORES
           TEXAS, LLC
           GORDON R. PATE
           Federal Id. No. 9811
           Texas Bar No. 15563000
           LISA L. CAUSEY
           Federal Id. No. 565163
           Texas Bar No. 24037902
           505 Orleans, Suite 505
           FIRST CITY BUILDING
           Beaumont, TX 77701
           Tel: (409) 838-6578
           Fax: (409) 838-6922

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to opposing counsel of record on this the 2nd day of September, 2011, in accordance with the Federal Rules of Civil Procedure by CM/RRR addressed as follows:

Mr. Tom Oxford
State Bar No. 1539220
3550 B North Dowlen
Beaumont, Texas  77706
409/833-9151
409/866-4196 (fax)

           <u>/s/Karen L. Spivey</u>
           KAREN L. SPIVEY