NO. 31529

MINDY ROBBINS                          *          IN THE DISTRICT COURT OF

COPY
ORIGINAL FILED

JUL 2 7 2011

VS.                                    *          JASPER  COUNTY,  TEXAS

KATHY KENT, District Clerk
Jasper County, Texas

WALMART STORES, INC.                   *          _____ JUDICIAL DISTRICT

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MINDY ROBBINS, hereinafter styled Plaintiff, complaining of,
WALMART STORES, INC., hereinafter styled Defendant, and for cause of action against said
Defendant, would respectfully show the Court and Jury as follows:

I.

Plaintiff would show that she intends to conduct discovery under Level 2 pursuant to
Rule 190.1 of the Texas Rules of Civil Procedure.

II.

Plaintiff resides in Kirbyville, Jasper County, Texas.

III.

Defendant, WALMART STORES, INC., is a corporation, company, partnership,
proprietorship or some such business entity. That said Defendant does business in the state of
Texas and from time to time within the jurisdiction of this Honorable Court; that said Defendant
may be served with process by serving its registered agent for service, C. T. Corporation System,
350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

**SERVICE IS REQUESTED AT THIS TIME.**



IV.

Plaintiff, MINDY ROBBINS, would show that on or about November 21, 2009 she was at the Walmart in Jasper, Texas when she slipped and fell in water that was on the floor in the area where the shopping carts are kept resulting in the injuries and damages complained of herein.

V.

That on the occasion in question the Defendant, through its agents, servants or employees, was guilty of various acts, wrongs and omissions, that this constituted negligence and such negligence was a proximate cause of the injuries and damages of which Plaintiff complains.

Plaintiff would show that the Defendant owed a duty to the general public, including Plaintiff, MINDY ROBBINS, to use ordinary care, including the duty to protect and safeguard Plaintiff from reasonably dangerous conditions on the premises or to warn of their existence.

Plaintiff was an invitee at the time of injury; therefore, Defendant owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers. Defendant's conduct, and that of its agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. Defendant knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees in that Defendant knew or should have known of the danger of the water on the floor and failed to place warning signs out warning of the condition. Defendant knew this condition caused an unreasonable risk of harm to persons such as the Plaintiff who would be in the area where the water was located. Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees regarding it. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages as described below.

VI.

That as a direct and proximate result of the negligence and carelessness of the Defendant, its agents, servants and employees, Plaintiff, MINDY ROBBINS, suffered injuries to her buttocks, back, right knee and body in general. That because of such injuries this Plaintiff has suffered the following elements of damage:

1. Physical pain and suffering in the past and future;

2. Mental anguish suffered in the past and future;

3. Loss of earning capacity in the past and future;

4. Physical impairment suffered in the past and future;

5. Medical expenses incurred in the past and future;

Plaintiff would show the Court and Jury that damages sought are within the jurisdictional limits of this Honorable Court for which she sues the Defendant herein.

VII.

Plaintiff, MINDY ROBBINS, would further show that if in the event she had pre-existing conditions in her body prior to the incident made the basis of this suit that such conditions were painless and symptom free, but because of the injuries she suffered in the incident in question, such conditions were lighted up, aggravated and precipitated.

VIII.

Attached hereto as Exhibit "A" is a Request for Disclosure to be answered within fifty (50) days of your receipt of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a trial of this cause that Plaintiff have and recover of and from the Defendant, judgment for her damages as may be deemed just and fair by the Jury; that

she have such judgment together with all legal interest, including pre-judgment interest; costs of

court and for such other and further relief to which she may be justly entitled to receive.

Respectfully submitted,

WALDMAN SMALLWOOD, P.C.
3550 B North Dowlen
Beaumont, Texas 77706
TELEPHONE(409) 833-9151
FACSIMILE(409) 866-4196

TOM OXFORD
SBN: 15392200

NO. 31529

| | | |
|---|---|---|
| MINDY ROBBINS | * | IN THE DISTRICT COURT OF |
| VS. | * | JASPER COUNTY, TEXAS |
| WALMART STORES, INC. | * | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S REQUEST FOR DISCLOSURE

TO:   WALMART STORES, INC.

COMES NOW, MINDY ROBBINS, Plaintiff in the above styled and numbered cause of action, and pursuant to Rule 194 of the Texas Rules of Civil Procedure, files this Request for Disclosure. You are requested to disclose in writing within fifty (50) days from receipt of this Request for Disclosure the information or material described in Rule 194.2 (a)(b)(c)(d)(e)(f)(g)(h)(i)(j)(k) and (l). Production of the requested documents should occur at 3550B North Dowlen, Beaumont, Texas 77706, within the time specified herein.

Respectfully submitted,

WALDMAN SMALLWOOD, P.C.
3550 B North Dowlen
Beaumont, Texas 77706
TELEPHONE (409)833-9151
FACSIMILE (409)866-4196

TOM OXFORD
SBN: 15392200

ATTORNEY FOR PLAINTIFF

### EXHIBIT "A"