UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MINDY ROBBINS | § | CIVIL ACTION |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | NO. 1:11-CV-414 |
| | § | |
| | § | |
| WAL-MART STORES, INC., | § | |
| Defendant | § | JURY |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT WAL-MART STORES TEXAS, LLC, (erroneously denominated as WAL-MART STORES, INC), Defendant in the above cause, and files this Motion for Summary Judgment and in support thereof would show the following:

**I.
GENERAL OVERVIEW**

This lawsuit arises out of an accident which occurred on November 21, 2009, at the Wal-Mart store in Jasper, Texas.  (*See* Exhibit A – Plaintiff's Second Amended Original Complaint). Plaintiff alleges that she fell because of Defendant's negligence. *Id.* More specifically, Plaintiff alleges that "she slipped and fell in water that was on the floor in the area where the shopping carts are kept." *Id.*

**II.
STATEMENT OF UNDISPUTED MATERIAL FACTS**

The following facts are undisputed:

1. Plaintiff has asserted a premises liability case.
2. Plaintiff knew the floor inside the store was wet from rain and she did not require a warning to notify her of the condition.
3. Defendant placed warnings on the floor prior to the Plaintiff's fall.

4. The warnings were in place for the purpose of warning patrons that the floor could be wet.
5. Plaintiff walked around a warning before the accident.
6. The warning was in close proximity to Plaintiff when she fell.
7. If Plaintiff slipped on water, it is just as likely that such water was from her own wet shoes.

### III.
### SUMMARY OF THE ARGUMENT

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Issues of material fact are genuine only if they require resolution by a trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). To meet this burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "coming forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quotation omitted). Summary judgment should be granted only if the evidence indicates that a reasonable fact-finder could not find in favor of the nonmoving party. *Anderson*, 477 U.S. at 248.

Texas law states that the mere happening of an accident is not of itself evidence of negligence. *H.E.B. Food Stores, Inc. v. Flores*, 661 S.W.2d 297, 299 (Tex. App.--Corpus Christi 1983, writ dism'd).; *H.E. Butt Grocery Co. v. Godawa,* 763 S.W.2d 27, 29-30 (Tex. App.-- Corpus Christi 1988, no writ); *Thoreson v. Thompson*, 431 S.W.2d 341, 344 (Tex. 1968); *Southwestern Bell Telephone Co. v. McKinney*, 699 S.W.2d 629, 634 (Tex. App.--San Antonio 1985, writ ref'd n.r.e.);

2

*Gannett Outdoor Co. of Texas v. Kubeczka*, 710 S.W.2d 79, 87 (Tex. App.--Houston [14th Dist.] 1986, no writ).

To maintain a premises cause of action against Defendant, Plaintiff must prove each of the following:

1. Actual or constructive knowledge by the owner or occupier of some condition on the premises;
2. That the condition posed an unreasonable risk of harm;
3. That the owner failed to exercise reasonable care to reduce or eliminate the risk; and,
4. That the owner's failure to use reasonable care **proximately caused** the plaintiff's injuries *[emphasis added]*.

*Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996); *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992); *Moore v. Kmart Corp. d/b/a Kmart Super Center,* 981 S.W.2d 266, 269-70 (Tex. App.--San Antonio 1998, no writ); *Jackson v. Fiesta Mart,* Inc., 979 S.W.2d 68, 71 (Tex. App.--Austin 1998, no writ).

## IV.
## SUMMARY JUDGMENT EVIDENCE

Plaintiff testified that it was raining on the date of the accident and that as she was entering the store, she knew the area inside and outside the store were wet from rain (*See* Exhibit B-Plaintiff's Deposition Excerpts, Pages 120, Lines 17-18; Page 124, Lines 7-18). Plaintiff testified that she thought she slipped on a wet floor (*See Id.* at Page 148, Lines 14 - 18). She testified that she had just come into the store out of the rain and her shoes were wet *(See Id.* at Page 148, Line 25 to Page 149, Line 7). She testified that she did not know if the water that she slipped on was water from her shoes   (See *Id.* at Page 149, Lines 21 - 23). Plaintiff testified that if she slipped because the floor was damp, she did not know the source of the dampness (*See Id.* at Page 158, Lines 3 – 8). She did not know whether the dampness came from her own shoes, from someone who stepped in the area just seconds before her, from a buggy, or from some other source (*See Id.* at Page 158, Lines

9 – 12).  She testified that if she slipped on water, then it was just as likely that the water which caused her to slip came from her own shoes as water from some other source (*See Id.* at Page 150, Lines 1-8 and Lines 13-16).  Plaintiff admitted that other people were walking in the same area as Plaintiff before and after her accident and she did not see any of them fall (*See Id.* at Page 141, Lines 7-20).  Plaintiff agreed that had a Wal-Mart employee mopped the floor before Plaintiff's accident, she still could not say that her accident would not have occurred because anyone wearing wet shoes could have at any moment stepped into the same area and caused a damp spot (*See Id.* at Page 153, Lines 9-21).  With regard to warnings, Plaintiff testified that although her exact recollection was unclear, she knew that warning cones were present at the scene (*See Id.* at Page 139, Line14-18).  In fact, Plaintiff does not dispute the fact that warnings were on display at the time of her accident (*See Id.* at Page 151, Lines 6-14).  She admitted that the purpose of the warning cones was to warn people that the floor was wet (*See Id.* at Page 139, Lines 19-21).  Plaintiff is not claiming that the warnings signs on display were not visible to her (See Id.).  Nor is Plaintiff claiming that the warning signs were unreasonable (*See Id.* at Page 159, Lines 16-18).  In summary, Plaintiff testified that she had no complaints about any of Defendant's employees who were working on the day of her accident (*See Id.* at Page 157, Lines 14-24), and when asked if she believed the Defendant had done anything wrong, Plaintiff stated that she did not know (*See Id.* at Page 162, Lines 19-20).

## IV.
## MOTION FOR SUMMARY JUDGMENT BASED ON NO EVIDENCE

First, there is no evidence that Defendant was negligent.  As previously noted, when Plaintiff was asked whether she believed the Defendant had done anything wrong, she stated that she did not know (*See Id.* at Page 162, Lines 19-20).  Furthermore, she had no complaints about the conduct of Defendant's employees (*See Id.* at Page 157, Lines 14-24), and no complaints about the existence or adequacy of Defendant's warnings (*See Id.* at Page 151, Lines 6-14; and, Page 159, Lines 16-18).

4

With regard to warnings, Plaintiff does not dispute the fact that such 'wet floor' warnings were on display before the accident (*See Id.* at Page 151, Lines 6-14).  Further, as previously noted, Plaintiff does not contend that the Defendant's warnings were unreasonable (*See Id*. at Page 151, Lines 6-14; and, Page 159, Lines 16-18); *see also, e.g., Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369 (Tex. App. - Houston [14th Dist.] 2002, *pet. denied*).  In *Bill's Dollar Store*, the Court held the evidence was insufficient to support a finding that the store failed to adequately warn the customer of the danger of wet floor.  *Id.* at 369.   In the case at bar, there is no evidence that the precaution Defendant took to reduce the alleged risk was an unreasonable one.  Accordingly, Plaintiff cannot prove that Defendant was negligent.

Second, assuming *arguendo,* that Plaintiff slipped on water, Plaintiff cannot show that such condition was the proximate cause of Plaintiff's accident.  Plaintiff testified that it is just as likely that the water she may have slipped on came from her own shoes *(See Id.* at Page 150, Lines 1-8 and Lines 13-16).  Similarly, Plaintiff cannot show that an alleged failure of the Defendant to mop the floor before Plaintiff's accident was the proximate cause of Plaintiff's accident since Plaintiff agreed that had the floor been mopped before the accident, the accident could still have occurred because other people wearing wet shoes could have created a damp spot just before Plaintiff fell.  (*See Id.* at Page 153, Lines 9-21). For each of these reasons, Defendant is entitled to summary judgment.

For each of these reasons, Defendant is entitled to summary judgment as a matter of law.

## VI.
## TRADITIONAL MOTION FOR SUMMARY JUDGMENT

As a matter of law, Defendant discharged any duty it had to warn.  Plaintiff does not know of anything Defendant did wrong in this case (*See Id.* at Page 162, Lines 19-20).  Plaintiff does not dispute the fact that "wet floor" warnings existed at the time of her accident (*See Id.* at Page 151, Lines 6-14).  In fact, the summary judgment evidence shows that warnings were in place before

5

Plaintiff's accident and that only seconds before her fall, Plaintiff walked around such a warning (*See* Exhibit C - Affidavit of Mary Elizabeth Tacker, and *see* Exhibit D - Wal-Mart Store Surveillance Tape, Time: 6:31:42 – 6:33:00. Plaintiff does not dispute the fact that the warnings were adequate to warn of any existing danger (*See* Exhibit B at Page 159, Lines 16-18). Under the law, Defendant's duty was to exercise *"reasonable"* care to reduce the risk. Since the undisputed evidence shows that the Defendant's warnings were reasonable, Defendant is entitled to summary judgment as a matter of law (*See Id.; see also, Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367 (Tex. App. - Houston [14th Dist.] 2002, *pet. denied*). In *Bill's Dollar Store, Inc. v. Bean,* the Court held that the Defendant had established as a matter of law that its warning was adequate to warn of the risk. *Id.* at 370-71. The Court stated, "We have found no case that requires the owner or occupier to also explain how an invitee can avoid the condition of which she has been warned." *Id.* at 370*; see also, Brooks v. PRH Investments, Inc.,* 303 S.W.3d 920, 925 (Tex. App.- Texarkana 2010, *no pet.)* (affirming a trial court's granting of summary judgment on the plaintiff's claims where the evidence showed that she saw the wet floor being mopped, saw a warning sign, and was verbally warned).

In the present case, although Plaintiff did not receive a verbal warning from Defendant, Plaintiff admits that she knew the floor was wet, she does not dispute that Defendant warned of the wet floor by its signage, she does not claim the warnings were insufficient, and she does not contend Defendant or its employees acted improperly on the occasion in question. Accordingly, pursuant to F.R.C.P. 56, Defendant is entitled to summary judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, DEFENDANT WAL-MART STORES TEXAS, LLC, (incorrectly named as WAL-MART STORES, INC.) prays that this Motion be granted, that Plaintiff's causes of action against Defendant be in all things dismissed with prejudice, and that taxable costs be assessed against Plaintiff, and for all other further relief to which the

6

Defendant may be entitled.

                                              Respectfully submitted,

                                              PATE & SPIVEY, L.L.P.

                                              /s/ Karen L. Spivey
                                              KAREN L. SPIVEY
                                              Federal Id. No.11680
                                              Texas Bar No. 18955100
                                              ATTORNEY IN CHARGE FOR DEFENDANT
                                              WAL-MART STORES TEXAS, LLC
                                              GORDON R. PATE
                                              Federal Id. No. 9811
                                              Texas Bar No. 15563000
                                              505 Orleans, Suite 505
                                              FIRST CITY BUILDING
                                              Beaumont, TX 77701
                                              Tel: (409) 838-6578
                                              Fax: (409) 838-6922

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment has been forwarded to opposing counsel of record on this 29th day of June, 2012, in accordance with the Federal Rules of Civil Procedure via CM/RRR, addressed as follows:

  Mr. Tom Oxford
  State Bar No. 15392200
  3550 B North Dowlen
  Beaumont, Texas  77706
  409/833-9151
  409/866-4196 (fax)

                                              /s/Karen L. Spivey

7