| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| MINDY ROBBINS, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:11-CV-414 |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Wal-Mart Stores Texas, LLC's ("Wal-Mart") Motion for Summary Judgment, wherein Wal-Mart seeks judgment as a matter of law on Plaintiff Mindy Robbins's ("Robbins") negligence claim. Robbins opposes Wal-Mart's motion, asserting that outstanding issues of material fact make summary judgment inappropriate. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that Wal-Mart's motion should be GRANTED.

I. <u>Background</u>

This premises liability action arises out of a November 2009 incident when Robbins slipped and fell near the shopping cart corral in Wal-Mart's Jasper, Texas, store. Neither Robbins's amended complaint nor the parties' briefing discusses the facts of this case in great detail. Nonetheless, it is undisputed that it was raining at the time Robbins visited the store. Robbins, who concedes that her shoes were wet, also asserts that there was water in the area surrounding the buggies, causing her to slip and fall and suffer injuries to her "buttocks, back, right knee, and body in general." Moreover, Robbins maintains that carts were not easily accessible on the day in question, and she was forced to reach underneath a "plastic curtain" to obtain a buggy. Wal-

Mart contends—and Robbins does not dispute—that it placed warning signs around the wet area, cautioning patrons to take care in that section of the store. Robbins, however, claims that she did not see these warnings before her fall.

On these facts, Robbins filed the above-styled action on July 27, 2011, in the Judicial District Court of Jasper County, Texas. Wal-Mart removed the case to this court on the basis of diversity of citizenship on August 31, 2011. Robbins amended her complaint on November 3, 2011, asserting a negligence cause of action. Specifically, Robbins claims that Wal-Mart breached its duty of ordinary care to keep the premises in a reasonably safe condition, causing her to suffer injuries as a result of an unreasonably dangerous condition at the store, *i.e.*, the wet floor and awkward positioning of the shopping carts. She further asserts that Wal-Mart knew or should have known of the aforementioned danger and failed to exercise ordinary care to reduce or eliminate the associated risk or to warn its customers regarding it. Thereafter, on June 29, 2012, Wal-Mart filed the instant motion, arguing that it is entitled to judgment as a matter of law on Robbins's claim. Specifically, Wal-Mart avers that: (1) Robbins has no evidence that Wal-Mart acted negligently and (2) it provided adequate warnings to caution its customers of the wet area surrounding the shopping carts. Robbins responds that the circumstances surrounding her fall raise issues of material fact that should be determined by a jury.

II. Analysis

    A.    Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party seeking

summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

"A fact is material only if its resolution would affect the outcome of the action . . . ." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *accord Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010); *Wiley*, 585 F.3d at 210; *EMCASCO Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir. 2006); *Cooper Tire & Rubber Co.*, 423 F.3d at 454. The moving party, however, need not negate the elements of the nonmovant's case. *See Bayle*, 615 F.3d at 355; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *Millennium Petrochemicals, Inc. v. Brown & Root Holdings, Inc.*, 390 F.3d 336, 339 (5th Cir. 2004).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3 (quoting FED. R. CIV. P. 56(e)); *Anderson*, 477 U.S. at 256; *Bayle*, 615 F.3d at 355; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). "[T]he court must review the record 'taken as a whole.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see Riverwood Int'l Corp. v. Emp'rs Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009); *Lincoln Gen. Ins. Co.*, 401 F.3d at 350; *Smith*, 391 F.3d at 624; *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in her favor. *Groh v. Ramirez*, 540 U.S. 551, 562 (2004) (citing *Anderson*, 477 U.S. at 255); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 258 (5th Cir. 2009); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004); *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, at 412 (5th Cir. 2003). The evidence is construed "'in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075).

Furthermore, "only reasonable inferences in favor of the nonmoving party can be drawn from the evidence." *Mills v. Warner-Lambert Co.*, 581 F. Supp. 2d 772, 779 (E.D. Tex. 2008)

4

(citing *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992)). "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Eastman Kodak Co.*, 504 U.S. at 468-69; *accord Shelter Mut. Ins. Co. v. Simmons*, 543 F. Supp. 2d 582, 584-85 (S.D. Miss.), *aff'd*, 293 F. App'x 273 (5th Cir. 2008). The nonmovant's burden is not satisfied by "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,'" by speculation, by the mere existence of some alleged factual dispute, or "by only a 'scintilla' of evidence." *Little*, 37 F.3d at 1075 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Matsushita Elec. Indus. Co.*, 475 U.S. at 586; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)); *accord Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 294-95 (5th Cir. 2007); *Warfield*, 436 F.3d at 557; *Boudreaux*, 402 F.3d at 540. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown*, 337 F.3d at 541; *accord RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950 (2002); *see Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 332 (5th Cir. 2004).

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). "[W]here the nonmoving party fails to establish the existence of an element essential to that party's case, and

on which that party will bear the burden of proof at trial, no genuine issue of material fact can exist." *Apache Corp. v. W&T Offshore, Inc.*, 626 F.3d 789, 793 (5th Cir. 2010). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

B. <u>Premises Liability—Invitee</u>

The liability of an owner or occupier of land for injuries resulting from a dangerous condition on the premises depends on the scope of the owner's duty of care toward the plaintiff as well as a determination that the duty was breached. *See Blackard v. Fairview Farms Land Co.*, 346 S.W.3d 861, 868 (Tex. App.—Dallas 2011, no pet.); *Knorpp v. Hale*, 981 S.W.2d 469, 472 n.4 (Tex. App.—Texarkana 1998, no pet.); *Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 164 (Tex. App.—Texarkana 1998, no pet.) (citing *Thacker v. J.C. Penney Co.*, 254 F.2d 672, 676 (5th Cir.), *cert. denied*, 358 U.S. 820 (1958)). The relationship between the plaintiff and the landowner is a material factor in determining the degree of care that is required. *See Blackard*, 346 S.W.3d at 868; *Knorpp*, 981 S.W.2d at 472 n.4; *Richardson*, 963 S.W.2d at 164. The required degree of care varies depending upon the legal status of the plaintiff—whether he is an invitee, a licensee, or a trespasser on the premises. *See Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996); *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 910 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 590 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Lacy v. Rusk State Hosp.*, 31 S.W.3d 625, 630 (Tex. App.—Tyler 2000, no pet.).

6

The owner or operator of property owes the highest degree of care to an invitee. *See Knorpp*, 981 S.W.2d at 471; *Richardson*, 963 S.W.2d at 164. "An invitee is a person who enters the premises of another at the express or implied invitation from the owner or occupier for their mutual benefit." *Lacy*, 31 S.W.3d at 630; *accord Forester v. El Paso Elec. Co.*, 329 S.W.3d 832, 837 (Tex. App.—El Paso 2010, no pet.); *McClure v. Rich*, 95 S.W.3d 620, 625 (Tex. App.—Dallas 2002, no pet.); *Ruvalcaba*, 64 S.W.3d at 134. In the instant case, the parties do not dispute that, as a customer of the store, Plaintiff qualifies as an invitee for purposes of a premises liability claim. *See Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003); *Lopez*, 929 S.W.2d at 3; *Bowman v. Brookshire Grocery Co.*, 317 S.W.3d 500, 503 (Tex. App.—Tyler 2010, pet. denied).

A suit brought by an invitee against a possessor of land is a simple negligence action. *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983); *Bowman*, 317 S.W.3d at 503; *Ramirez v. H.E. Butt Grocery Co.*, 909 S.W.2d 62, 67 (Tex. App.—Waco 1995, writ denied). Consequently, the standard of conduct required of a possessor of land toward an invitee is a duty to exercise reasonable care to protect the invitee from dangerous conditions on the land that are known or discoverable. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (citation omitted); *Bowman*, 317 S.W.3d at 503. A landowner owes an invitee a duty to exercise ordinary care to protect the invitee not only from those risks of which the owner is actually aware, but also those risks of which the owner should be aware after reasonable inspection. *See Daenen*, 15 S.W.3d at 101; *Lopez*, 929 S.W.2d at 3; *Farrar v. Sabine Mgmt. Corp.*, 362 S.W.3d 694, 702 (Tex. App.—Houston [1st Dist] 2011, no pet.); *Bowman*, 317

S.W.3d at 503. Nevertheless, "[t]here is no duty to warn when the risks are matters 'within the ordinary knowledge common to the community.'" *Hirabayashi v. N. Main Bar-B-Q, Inc.*, 977 S.W.2d 704, 707 (Tex. App.—Fort Worth 1998, pet. denied) (quoting *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 388 (Tex. 1991)); *accord Zavala v. Burlington N. Santa Fe Corp.*, 355 S.W.3d 359, 374 (Tex. App.—El Paso 2011, no pet.); *Coleman v. Cintas Sales Corp.*, 100 S.W.3d 384, 386 (Tex. App.—San Antonio 2002, pet. denied). Only concealed hazards that the landowner knows or should know exist will give rise to a premises owner's duty to inspect the premises and warn an invitee of the hazard. *See Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999); *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

"'[A]n occupier's liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risks accompanying a premises condition, not on whether a specific set of facts or a specific breach of duty is established.'" *Lopez*, 929 S.W.2d at 4 (quoting *Corbin*, 648 S.W.2d at 295). "[T]he occurrence of an accident is not of itself evidence of negligence." *Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 48 (Tex. App.—San Antonio 2005, no pet.); *see also Farrar*, 362 S.W.3d at 707. As with all negligence actions, the foreseeability of the harmful consequences resulting from the particular conduct is the underlying basis for liability. *See Corbin*, 648 S.W.2d at 296; *Farrar*, 362 S.W.3d at 701. A danger is foreseeable if the injury is of the type that 'might reasonably have been anticipated.'" *Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 343 (Tex. App.—Austin 2000, pet. denied) (quoting *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 551 (Tex. 1985)); *Morris v. Tex. Parks &*

8

*Wildlife Dep't*, 226 S.W.3d 720, 728 n.8 (Tex. App.—Corpus Christi 2007, no pet.); *Tex. Dep't of Transp. v. Pate*, 170 S.W.3d 840, 848 (Tex. App.—Texarkana 2005, pet. denied).

When an occupier has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to invitees, he has a duty to take whatever action is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risks from that condition. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 769 (Tex. 2010); *Zook v. Brookshire Grocery Co.*, 302 S.W.3d 452, 454-55 (Tex. App.—Dallas 2009, no pet.). "However, a land possessor's duty toward its invitee does not make the possessor an insurer of the invitee's safety." *Gonzalez*, 968 S.W.2d at 936 (citing *McElhenny v. Thielepape*, 285 S.W.2d 940, 941 (Tex. 1956)); *accord Dixon*, 330 F.3d at 314; *Reece*, 81 S.W.3d at 814; *Daenen*, 15 S.W.3d at 101; *Bowman*, 317 S.W.3d at 504. Thus, "'[t]here is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care.'" *Lopez*, 929 S.W.2d at 4 (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 61, at 426 (5th ed. 1984)).

To recover damages in a premises liability case, an invitee must prove the following elements:

(1) the owner or operator had actual or constructive knowledge of some condition on the premises;

(2) the condition posed an unreasonable risk of harm;

(3) the owner or operator failed to exercise reasonable care to reduce or eliminate the risk of harm; and

(4) the owner or operator's failure to exercise reasonable care proximately caused the plaintiff's injuries.

9

*See Dixon*, 330 F.3d at 314; *Daenen*, 15 S.W.3d at 99; *Gonzalez*, 968 S.W.2d at 936 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)); *Corbin*, 648 S.W.2d at 296); *Lopez*, 929 S.W.2d at 3; *Bowman*, 317 S.W.3d at 503; *Blancett*, 177 S.W.3d at 591. Nonetheless, an owner or occupier's duty to keep the premises under his control in a safe condition is "discharged by warning the invitee of unreasonable risks of harm." *Brooks v. PRH Inv., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.). "If the evidence conclusively established that the owner adequately warned the plaintiff of the condition, the owner cannot be found negligent as a matter of law." *Id.* (citing *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996)).

In the instant case, there is no dispute as to the material facts. Robbins concedes that Wal-Mart warned its customers of the allegedly dangerous condition through the use of "wet floor" signs in the shopping cart area. In fact, a video recording taken at the store that day shows that Robbins walked around a warning cone shortly before her fall. Moreover, Robbins testified at deposition that she did not believe that the warning cones displayed by Wal-Mart were unreasonable in any way. Finally, Robbins admits that she was aware that the ground both inside and outside of the store was wet at the time of her fall and, in fact, she acknowledged that her fall could have been caused by her wet shoes rather than the slick floor. Under these circumstances, it is apparent that Wal-Mart warned Robbins of the purported danger, discharging its duty to maintain its premises in a safe condition. *See Brooks*, 303 S.W.3d at 925 (affirming summary judgment in slip and fall action where defendant displayed a "wet floor" warning sign and plaintiff saw the floor being mopped prior to her fall); *Tucker v. Cajun Op. Co.*, No. 11-07-026-CV, 2008 WL 802985, at *2 (Tex. App.—Eastland Mar. 27, 2008, no pet.) (stating that restaurant owner discharged its duty to warn of wet floor by placing caution sign, which plaintiff walked around,

near the slick area); *Bill's Dollar Store, Inc.*, 77 S.W.3d at 370 (holding that store's warning was adequate as a matter of law where cashier warned plaintiff of wet floor and plaintiff "could see that the floor was wet" and knew it was a slipping hazard).

In her response, Robbins asserts that her fall was caused, in part, by the lack of available shopping carts at the front of the store. Specifically, she claims that she was forced to reach underneath a plastic curtain to access a cart, which purportedly precipitated her fall. The video recording before the court, however, belies this contention. Robbins clearly slipped prior to reaching the curtain, and she has presented no evidence that the curtain was a cause of her fall. Accordingly, because Wal-Mart has presented uncontroverted evidence that it adequately warned Robbins of the slick floor, Robbins has failed to establish the existence of an element essential to her case on which she bears the burden of proof at trial. Therefore, summary judgment in favor of Wal-Mart is mandated. *See Nebraska*, 507 U.S. at 590; *Celotex Corp.*, 477 U.S. at 322; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Cutrera*, 429 F.3d at 110; *Patrick*, 394 F.3d at 315.

III. Conclusion

Consistent with the foregoing analysis, the court finds that Robbins has failed to present a claim that warrants relief. There remain no material facts in dispute, and Wal-Mart is entitled to judgment as a matter of law. Accordingly, Wal-Mart's motion for summary judgment is granted.

SIGNED at Beaumont, Texas, this 9th day of August, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE